IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


EDUARDO FIGUEROA,

       Appellant,

 v.                                     Case No.  5D14-4515

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed October 28, 2016

Appeal from the Circuit Court
for Brevard County,
David E. Silverman, Judge.

James S. Purdy, Public Defender, and
Joseph J. St. Angelo, and Edward J. Weiss,
Assistant Public Defenders, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


EDWARDS, J.


Eduardo Figueroa ("Appellant") was convicted of four counts of sexual battery on

a person less than twelve years of age (Counts I, III, V, and VII), four counts of lewd or

lascivious molestation against a person less than twelve years of age (Counts II, IV, VI,

and VIII), one count of sexual battery on a child by a person in familial or custodial authority (Count IX), and one count of lewd or lascivious molestation of a person over twelve but under sixteen years of age (Count X).[1] Appellant raises two issues on appeal. First, Appellant argues that the trial court erred in denying his motion for judgment of acquittal because the State's evidence did not support a conviction for Count X, lewd or lascivious molestation against a person over twelve but under sixteen. Second, Appellant argues that there is a clerical error in the judgment and sentence. He asserts that even though the trial court orally pronounced a life sentence for Counts I, III, V, and VII, the judgment and sentence do not include these counts. We reverse and remand to the trial court to vacate the judgment and sentence as to Count X and to correct the judgment and sentence to conform to the jury's verdict and the court's oral pronouncements at sentencing. His convictions of sexual battery and molestation in the remaining counts are affirmed.

Appellant engaged in a lengthy pattern of frequent, repeated sexual battery and molestation of the victim, from the time she was in second grade until she was in sixth grade. Appellant would have the victim undress or he would undress her, touching her private parts, and pressing his private parts against hers. The incidents occurred at home while the victim's mother was away and at empty houses where Appellant was scheduled to work. Before the victim turned twelve, Appellant would engage in this behavior three to four times per week and approximately twice per week after she turned twelve. Appellant

---

[1] Appellant was additionally charged with a fifth count of sexual battery on a person less than twelve years of age (count XI), but the State nolle prossed the count prior to trial.

would occasionally touch the victim's breasts with his hands before she turned twelve, but did not touch her breasts after she turned twelve.

A jury trial was held, during which the victim testified to the events described above, using her grade levels in school as time references because the conduct occurred too frequently for her to recall specific dates. There was competent substantial evidence of Appellant's sexual battery and molestation of the victim from her second grade year through her sixth grade year. Appellant stopped only after the victim's sister notified police, who arrested Appellant following an investigation by the Department of Children and Families.

Appellant's motion for judgment of acquittal was denied, and the jury found him guilty as charged. The trial court orally adjudicated Appellant guilty of the ten counts. The court sentenced Appellant to life imprisonment without the possibility of parole on the sexual battery charges (Counts I, III, V, and VII), forty-year sentences followed by parole for the lewd or lascivious molestation of a person younger than twelve charges (Counts II, IV, VI, and VIII), thirty years imprisonment for the sexual battery by a person in familial or custodial authority charge (Count IX), and fifteen years imprisonment for the lewd or lascivious molestation of a victim twelve to sixteen years of age charge (Count X). The trial court announced that the sentences would run concurrent to each other.

We affirm as to all but one of the convictions. We must reverse as to Appellant's conviction on Count X, molestation of a victim twelve to sixteen years old. The State concedes the count was specifically premised on Appellant touching the victim's breasts with his hands, rather than any other behavior or act. The evidence was undisputed that Appellant did not touch the victim's breasts after she turned twelve. Thus, the trial court

3

erred in denying Appellant's motion for judgment of acquittal as to Count X. We remand for entry of a judgment of acquittal as to Count X only.

Appellant further argues, and the State concedes, that the written judgment and sentence should be amended to reflect Appellant's "convictions for capital sexual battery [Counts I, III, V, and VII of the information] as well as sentences of life imprisonment without the possibility of parole." Though the trial court orally pronounced a sentence of life imprisonment for Count I, III, V, and VII, the counts were excluded from the written judgment and sentence. Accordingly, we reverse and remand to correct this error. *See Simmons v. State,* 369 So. 2d 609, 610 (Fla. 1978). Appellant need not be present for this purpose.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

TORPY and EVANDER, JJ., concur.